UNITED STATES of America, Appellee,

v.

Douglas J. BURK, Appellant.

No. 89–3018.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1990.

Decided Aug. 20, 1990.

Phillip A. Montalvo, Belleville, Ill., for appellant.

Howard J. Marcus, St. Louis, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and HANSON,* Senior District Judge.

WOLLMAN, Circuit Judge.

Douglas J. Burk appeals his convictions for intimidating and impeding the official duties of an Internal Revenue Service (IRS) officer in violation of 26 U.S.C. § 7212(a) and for assaulting an IRS officer in violation of 18 U.S.C. § 111. We affirm.

## I.

IRS officer Deborah Barrett was assigned to work on the DEK Electric (DEK) account, a corporation whose principal party was Edmund Burk, Douglas Burk's father, and in which Douglas was an employee, officer, and director. Douglas was not involved with the books and records of the company and did not know about its tax situation.

In January 1988, DEK entered into a part payment plan with the IRS for employee social security and income tax withholding arrearages, as well as interest and penalties that had accrued. During the ensuing year, however, DEK failed to comply with the plan. Barrett warned Edmund in December 1988 that unless he complied with the plan the IRS would seize corporate assets. In March 1989, the IRS sent a notice of impending seizure to DEK's corporate address. The notice letters were returned to the IRS unclaimed.

On April 13, 1989, Barrett travelled with Roberta Collett, another IRS officer, to Edmund's residence to collect DEK's tax liability or to seize a 1975 Chevrolet utility truck, a DEK corporate asset. They arrived at about 7:30 in the morning. Barrett parked her car in Edmund's driveway behind the utility truck. Douglas arrived at his parents' home at about the same time. Another member of the family, Kelly Burk, was also present. After Barrett and Collett were admitted to the house, they told Edmund that they were there to collect the money or seize the truck. Edmund became angry, claiming that they were putting him out of business.

As Barrett and Collett prepared to leave the house and tag the truck for seizure, Douglas and Edmund blocked the door. Douglas began yelling obscenities at Barrett and told her that if she and Collett were not women they would "punch" their "lights out." Douglas approached Barrett with a large wad of money clenched in his fist and said, "Here, you want money, take this money, just take it." He hit Barrett in the chin with his fist and the money, causing her to lose her balance and step back. Edmund blocked Collett's path, pushing her back with his stomach, and momentarily took her IRS credentials away from her.

Douglas and Kelly then left the house at their father's request. Barrett and Collett repeatedly requested to leave the house, but Edmund refused to permit them, saying that he wanted them to review some records. When Barrett and Collett were finally able to leave after about half an hour, Douglas and the utility truck were gone. Barrett's car had been moved and one of its tail lights had been smashed. A government portfolio she had left in the car containing IRS cash receipts and other items was missing.

The next day, IRS police agents and several officers of the local police department arrived at Douglas' house to serve a federal arrest warrant on him for assault. After forcing entry into his house, the officers arrested him when he emerged from his bathroom.

---

* The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

Both Edmund and Douglas were indicted for intimidating and impeding the IRS officers and for assaulting them. Edmund pleaded guilty. Douglas went to trial, and a jury found him guilty of both counts. The district court [1] sentenced Douglas to concurrent prison terms of eleven months on each count and one year of supervised release.

## II.

Douglas Burk (hereafter Burk) challenges the district court's admission of evidence concerning his 1982 guilty plea to a peace disturbance misdemeanor charge. The plea stemmed from an incident in which Burk caused alarm to a police officer by threatening to assault him. The jury also learned that Burk had originally been charged with assault for the incident.

■ Under Federal Rule of Evidence 404(b), evidence of other crimes or acts is admissible if (1) the evidence is relevant to a material issue; (2) the prior bad acts are similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the prior acts; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value. *United States v. Anderson*, 879 F.2d 369, 378 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989); *United States v. Mothershed*, 859 F.2d 585, 588 (8th Cir. 1988). A trial court's broad discretion in admitting wrongful act evidence will be disturbed only if the defendant shows that the proof clearly had no bearing on any of the issues involved. *United States v. Marin–Cifuentes*, 866 F.2d 988, 996 (8th Cir. 1989). We view Rule 404(b) as a rule of inclusion, permitting admission of prior act evidence unless it tends to prove only the defendant's criminal disposition. *Mothershed*, 859 F.2d at 589. This does not obviate, however, the need to identify the fact or issue to which the similar act evidence is relevant. *Id.* (quoting *United*

*States v. Figueroa*, 618 F.2d 934, 939 n. 2 (2d Cir.1980)).

■ Evidence of prior bad acts is admissible under Rule 404(b) to prove, among other things, intent and absence of mistake or accident. Burk attempted to show at trial that he lacked intent to harm the IRS officers and that any harm he caused was the result of mistake. In his opening statement, Burk's counsel told the jury that Burk and his family members would testify that although Burk wasn't certain of whether the money touched Barrett's face, he had no intention of hurting the IRS officers. Burk did indeed testify that he had not intended to hurt or threaten Barrett. Thus, Burk placed his intent in issue, making the evidence of his prior conviction relevant to a material issue.

■ With respect to the second requirement of admissibility, we have recently emphasized that "[p]roximity in time and similarity of conduct are only factors that may be considered by the trial judge in deciding whether to admit evidence of prior bad acts; they are not requirements for admission." *U.S. v. Drew*, 894 F.2d 965, 970 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990). Rather than applying an absolute rule for the number of years that can separate offenses, we apply a reasonableness standard, examining the facts and circumstances of each case. *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir.1981). Burk's prior conviction was for an act—threatening a law enforcement officer—similar in kind to that which gave rise to the charges against him in the present case, a circumstance that strongly supports the district court's ruling admitting the evidence of that conviction.

Because no question is raised regarding the sufficiency of the evidence to support the jury's finding that Burk committed the prior offense, the only other element we need consider is whether the potential prejudice of the evidence substantially outweighed its probative value. Unfair preju-

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

**229**

dice consists of an undue tendency to suggest decision on an improper basis, such as an emotional one. *United States v. Fawbush*, 900 F.2d 150, 152 (8th Cir.1990). Burk argues that the evidence left the jury with the suggestion that he had previously assaulted a law enforcement officer without any underlying evidence that the crime to which he had pleaded guilty involved assaultive behavior. We do not agree. Burk's testimony made clear that he was convicted of peace disturbance, which consisted only of threatening behavior and not actual assault. The district court's limiting instruction also made clear that the jury could not use the evidence of the prior incident to judge Burk's character. Likewise, the bare bones manner in which the evidence was presented to the jury—the prosecution elicited only the actual fact of conviction and not the facts of the incident—acted as a safeguard against unfair prejudice.

 Burk also contends that the district court erred by failing to make on-the-record findings of its reasons for determining that the 404(b) evidence was relevant to an issue in the case and that its probative value outweighed the possibility of unfair prejudice. Although we have stated that the district court "should specify which components of the rule form the basis of its ruling and why," *United States v. Harvey*, 845 F.2d 760, 762 (8th Cir.1988), *see also Mothershed*, 859 F.2d at 589, we find that the prosecution made clear enough the purpose for which it wished to elicit the evidence. Accordingly, further explanation from the court was unnecessary. Likewise, because the evidence was so clearly relevant to the issue of Burk's intent, the lack of an on-the-record finding by the district court on the probative value/possible unfair prejudice issue recedes in importance, for "[j]udges need not explain the obvious, even briefly." *United States v. Beasley*, 809 F.2d 1273, 1280 (7th Cir.1987). We are satisfied that the "factors upon which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling." *United States v. Robinson*, 700 F.2d 205, 213 (5th Cir.1983).

### III.

 Burk also asserts that the prosecutor's closing argument was impermissibly inflammatory, so prejudicing the jury as to deny him a fair trial. Because Burk did not object to the prosecutor's argument at trial, however, we can vacate the conviction only if the remarks constituted plain error affecting Burk's substantial rights. Fed.R. Crim.P. 52(b); *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir.1988).

 Burk contends that the prosecutor's closing statement lambasted Burk's parents, implied that Barrett's testimony was truthful because she became ill while testifying, and implied that defense witnesses' testimony was untruthful because defense counsel had to "lead them by the nose." Burk points particularly to the description of his arrest, in which the prosecutor labeled Burk's hiding in the bathroom "cowardly" and Burk a "bully." Burk also contends that the prosecutor impermissibly appealed to the jurors' self-interest as taxpayers by declaring that we all pay taxes even though no one is happy about it and that Burk's avoidance of taxes was an "issue of accountability in our society."

Having comported himself in a boorish, bullying, threatening manner towards the IRS officers (and we have chosen not to set forth the extremely vulgar, offensive language that he directed towards Ms. Barrett), Burk is hardly in a position to complain about the government's characterization of his actions. Although the prosecutor's comments may have tested the limits of permissible advocacy, we cannot say that they constituted plain error.

### IV.

Burk also challenges the sufficiency of the evidence to support his convictions. Our review of the record satisfies us that the record amply supports the jury's verdict.

The judgment of conviction is affirmed.