UNITED STATES of America, Appellee,

v.

Jerome BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Ronald E. WILLIAMS, Appellant.

Nos. 90–1205EM, 90–1206EM.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 11, 1991.

Lee Lawless, St. Louis, Mo., for appellant Jerome Brown.

Arthur Margulis, St. Louis, Mo., for appellant Ronald E. Williams.

Patricia A. McGarry, St. Louis, Mo., for appellee U.S.

Before FAGG and BEAM, Circuit Judges, and ROY,* Senior District Judge.

FAGG, Circuit Judge.

Jerome Brown and Ronald E. Williams appeal their convictions for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.

A St. Louis police detective received an anonymous telephone call informing him that Williams, a reputed drug dealer, and another man were selling crack cocaine from a newer model gray Volvo automobile at a local apartment complex. The detective drove to the apartment complex and saw the gray Volvo with Williams in the driver's seat and Brown sitting next to him. The detective watched two individuals approach the Volvo and observed conversations, hand movements, and exchanges through the driver's and passenger's windows of the Volvo. Based on these observations, the detective believed Williams and Brown were using the automobile as a base of operations for distributing drugs.

After calling for reinforcements when Williams and Brown discovered the detective's presence and drove away, the detective and responding officers located the Volvo again parked at the apartment complex. The driver and passenger were ordered out of the automobile and identified themselves as Williams and Brown. The officers searched the Volvo, located a closed opaque aspirin bottle on the floorboard where Brown had been sitting, opened it, and discovered what the officers believed, and later analysis confirmed, was crack cocaine. Brown and Williams each made statements linking them to the aspirin bottle and its contents.

■ Williams contends the district court committed error in refusing to suppress the contents of the aspirin bottle. We disagree. Based on the detective's surveillance, the officers had probable cause to search the Volvo for illegal drugs, including a container found inside the automobile that may have concealed the drugs. *United States v. Caves*, 890 F.2d 87, 90 (8th Cir.1989). The district court's decision denying Williams's motion is clearly correct.

■ Brown contends the district court committed error in admitting evidence of his later possession of crack cocaine. Shortly after Brown's arrest in this case, a police officer stopped an automobile driven by Brown for a routine traffic violation. The officer saw Brown pass an opaque

* The HONORABLE ELSIJANE TRIMBLE ROY, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

container holding crack cocaine to a passenger in the automobile. The government asserts this evidence was properly admitted on the issue of Brown's intent to distribute. We agree.

The requirements for admission of evidence of other wrongful acts under Federal Rule of Evidence 404(b) are well established in this circuit and need not be repeated here. *See United States v. Adams*, 898 F.2d 1310, 1312 (8th Cir.1989). It is also well established the district court has broad discretion in admitting wrongful act evidence. *See id.* The mere fact the wrongful conduct occurred after Brown's arrest for the offense charged here does not " 'on that ground alone make [the conduct] incompetent to establish [Brown's] intent.' " *United States v. Riley*, 657 F.2d 1377, 1388 (8th Cir.1981) (citation omitted). Where intent is an element of the charged offense, " 'evidence of other acts tending to establish[ ] that element is generally admissible.' " *Adams*, 898 F.2d at 1312 (citation omitted). After careful review, we find the requirements of rule 404(b) have been met. The circumstances of Brown's later possession of crack cocaine show an offense sufficiently similar in kind and reasonably close in time to the crime charged in this case, and we cannot say the probative value of the evidence was outweighed by its prejudicial impact. Further, the district court gave the jury a limiting instruction ensuring the evidence was used only for its proper purpose. *See United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir.1987).

Although the district court did not abuse its discretion in admitting evidence of Brown's later wrongful conduct, we remind the district court that it should identify the rule 404(b) components that form the basis of its ruling, *see United States v. Harvey*, 845 F.2d 760, 762 (8th Cir.1988), and record its balancing of the evidence's probative value and prejudicial impact, *see United States v. Burk*, 912 F.2d 225, 229 (8th Cir.1990). The district court's failure to do so here is of no consequence because " 'there is no substantial uncertainty about the correctness of the ruling.' " *Id.* (citation omitted).

Brown and Williams contend the district court improperly admitted the detective's testimony about his telephone conversation with the anonymous informant because it was hearsay. An out-of-court statement is not hearsay, however, if it is offered for the limited purpose of explaining why a police investigation was undertaken. *United States v. Love*, 767 F.2d 1052, 1063 (4th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986). Because the government offered the detective's testimony to explain why Brown and Williams were placed under surveillance, we conclude the evidence was properly admitted.

Brown and Williams also contend they were entitled to a mistrial because of juror prejudice. A number of spectators supportive of Williams and Brown were in the courtroom for the trial. During the second day of trial, the district court discovered that some jurors had commented they felt intimidated by the spectators' presence. After questioning each juror individually in chambers with the prosecutor and both defense attorneys present, the district court found no impermissible contacts between the jurors and the spectators. For the most part, the jurors and spectators merely were in close proximity to each other in the corridors during recesses, and the spectators watched from a nearby public seating area when the jurors used the public telephones. On three occasions, the spectators volunteered greetings and tried to start friendly conversations, but these overtures were ignored by the jurors. All of the jurors stated on the record that the spectators' presence and actions had not prejudiced them against Brown and Williams.

Although it was incumbent on them to do so, Brown and Williams failed to show any contacts between the jurors and spectators about the trial itself. *See O'Dell v. Armontrout*, 878 F.2d 1076, 1080 (8th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 760, 107 L.Ed.2d 776 (1990). Absent this threshold showing, Brown and Williams are not entitled to the presumption of prejudice arising under *Remmer v. United States*,

347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). *Id.* Essentially, Brown's and Williams's claims of jury intimidation are based on nothing more than physical closeness, stares, and rebuffed efforts at conversation. These contacts are neither unique nor uncommon to public trials and do not of themselves trigger the *Remmer* presumption. *United States v. Phillips,* 609 F.2d 1271, 1274 (8th Cir.1979). The district court did not abuse its discretion in denying Brown's and Williams's "speculative claims of third party contact with [the] juror[s]." *Id.*

■ Finally, Brown and Williams contend the *in camera* hearing conducted by the district court violated their rights to be present under the confrontation and due process clauses of the Constitution and under Federal Rule of Criminal Procedure 43. Brown's and Williams's contentions, however, are foreclosed by the Supreme Court's holding in *United States v. Gagnon,* 470 U.S. 522, 526–27, 105 S.Ct. 1482, 1484–85, 84 L.Ed.2d 486 (1985) (per curiam).

The *in camera* proceeding in this case focused on events about which Brown and Williams had no knowledge. Brown and Williams would have added nothing nor gained anything by attending, and their presence could have been detrimental. "[T]he presence of [Brown and Williams] at the *in camera* discussion was not required to ensure fundamental fairness or a 'reasonably substantial ... opportunity to defend against the charge.'" *Id.* at 527, 105 S.Ct. at 1484 (citation omitted). Furthermore, Brown and Williams were aware of the *in camera* proceeding, and they did nothing in the district court by way of request, objection, or motion to assert any rights they may have had to attend the proceeding. They thus waived their rights under rule 43. *Id.* at 527–29, 105 S.Ct. at 1484–86.

We affirm the convictions of Brown and Williams.