**UNITED STATES of America, Appellee,**

v.

**Richard Cleveland CROOK, Appellant.**

**No. 90–2686.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided June 26, 1991.

Rehearing and Rehearing En Banc Denied Aug. 9, 1991.

John Wesley Hall, Jr., argued (Craig Lambert, on brief), Little Rock, Ark., for appellant.

Linda B. Lipe, Little Rock, Ark., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,[*] Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Appellant Richard Crook appeals from a judgment in the district court[1] for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Crook contends that the district court erred in denying his motion for a mid-trial *Franks* hearing and allowing the Government to introduce into evidence a videotape of a prior unrelated drug transaction. For the reasons stated below, we affirm.

## I. BACKGROUND

On December 13, 1989, Ken Duckworth, a confidential informant, went to Appellant Richard Crook's trailer to make a controlled purchase of methamphetamine. Duckworth wore a body transmitter during the encounter. Because Crook's trailer was near the end of a dead-end lane, the surveilling police officers had to park their car a good distance away from the site to avoid detection. Reception from the body transmitter was poor. After Duckworth returned from Crook's residence, he was interviewed by Investigator Robert Gibbs. Shortly thereafter, Gibbs executed an affidavit of probable cause to obtain a search warrant for Crook's residence. The affidavit stated that Gibbs had overheard a male question Duckworth about wearing a surveillance microphone, a discussion about the purchase of an ounce of methamphetamine, and the counting of money for the purchase underway. Additionally, the affidavit stated that Duckworth had told Gibbs that Crook met him upon arrival, produced two bags of drugs from his pocket, and

---

[*] The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. The Honorable Henry Woods, District Judge, United States District Court for the Eastern District of Arkansas.

took Duckworth to a small frame house across the street from the trailer to weigh the drugs. On the basis of the affidavit, a search warrant was executed. Among the items seized from the master bedroom and bathroom of Crook's trailer were 294 grams of methamphetamine, a scale, a box of baggies, and $800 including $530 of the $550 that had been provided to Duckworth for the earlier drug purchase.

Crook was indicted on March 19, 1990 for one count of distribution of methamphetamine and one count of possession of methamphetamine with intent to distribute. At the trial, it became apparent that much of the tape made from Duckworth's body transmitter was unintelligible. Additionally, Duckworth testified that he did not tell Gibbs about going to the frame house to weigh the drugs and then returning to the trailer to consummate the purchase. Defense counsel made a motion for a *Franks* hearing on the grounds that Duckworth's testimony showed that the affidavit for the search warrant contained false information. The trial court denied the motion. Additionally, over a defense objection, the Government introduced into evidence a videotape of an earlier, unrelated drug transaction for the purpose of showing Crook's knowledge. Crook contended that the person in the videotape was not he, but his brother. Crook was convicted of one count of possession with intent to distribute methamphetamine. He was sentenced to 63 months in prison. He appealed the conviction to this court.

## II. *FRANKS* HEARING

■■■ On appeal, Crook contends that the district court erred in denying his motion for a *Franks* hearing. The Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment

requires that a hearing be held at the defendant's request.

The Court stated further that there is a presumption of validity with respect to the affidavit supporting the search warrant. *Id.* at 171, 98 S.Ct. at 2684. Allegations of deliberate falsehood or reckless disregard must be accompanied by an offer of proof. *Id.* Allegations of negligence or innocent mistake are not sufficient. *Id.* Furthermore, if after setting aside the contested allegations, there is sufficient content in the affidavit to support a finding of probable cause, no hearing is required. *Id.* at 171–72, 98 S.Ct. at 2684.

This court has stated that the substantiality requirement for a *Franks* hearing is not lightly met. *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir.), *cert. denied*, 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). Even where defendants have clearly identified the allegedly false portions of the warrant affidavit and provided affidavits as to their falsity, this court has upheld the denial of a *Franks* hearing where the defendant has failed to offer proof of the affiant's recklessness or deliberate falsehood. *United States v. Streeter*, 907 F.2d 781, 788 (8th Cir.1990) (defendant's claim inadequate due to lack of proof of affiant's recklessness or deliberate falsehood which would raise allegations above a claim of negligence); *United States v. Bulgatz*, 693 F.2d 728, 732 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1203, 75 L.Ed.2d 444 (1983) (because defendant failed to offer proof that the misstatement in the affidavit was reckless or deliberate, conditions for a *Franks* hearing were not met).

■■■ In the present case, Crook has made no offer of proof as to Investigator Gibbs' alleged intentional falsity or reckless disregard for the truth. Thus, he has not met the requirements for a *Franks* hearing. Even if Crook had made such a showing, the contested statements concern details of the drug transaction, such as whether Crook met Duckworth immediately upon arrival, whether Crook questioned Duckworth about wearing a body transmitter, whether the transaction took place in the

trailer or the frame house, etc. Despite these discrepancies, the basic facts alleged in the warrant affidavit—that Crook sold methamphetamine to Duckworth and that the drugs were obtained from the trailer—are not contested. Thus, even after omitting the contested statements, the warrant affidavit contains sufficient facts to establish probable cause for the search of the trailer. Accordingly, we conclude that the district court did not err in denying Crook's motion for a *Franks* hearing.

## III. ADMISSION OF THE VIDEOTAPE

█ Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or bad acts to prove the character of a person and action in conformity therewith. However, it is admissible to prove knowledge, intent, motive, etc. Crook argues that the district court erred in admitting the videotape of the prior unrelated drug transaction because his participation in the previous transaction was not proved by clear and convincing evidence. He steadfastly contends that the individual in the tape is one of his brothers, not he. Crook presented witnesses from his family who corroborated his contention that the person in the videotape was one of Crook's brothers.

█ Although in the past the Eighth Circuit required evidence of prior bad acts to meet a clear and convincing standard, the present requirements for admission of such evidence are:

(1) the evidence is relevant to a material issue; (2) the prior bad acts are similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the prior acts; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value.

*United States v. Burk*, 912 F.2d 225, 228 (8th Cir.1990) (citations omitted). Furthermore, FRE 404(b) is viewed as a rule of inclusion which allows the admission of evidence unless it tends only to prove the defendant's criminal disposition. *Id.* Finally, the trial court has broad discretion in admitting such evidence and this court will disturb the ruling only if the defendant shows that the proof clearly has no bearing on any relevant issue. *Id.*

In the present case, Crook's defense consisted of denials that he had any knowledge of the items seized from his residence. The Government introduced the videotape on the issue of knowledge after Crook had presented his defense. Thus, the evidence was relevant to an issue in the case. The second requirement is met because the videotaped drug transaction is clearly similar to the crime charged and took place only nine months prior to it. With regard to the sufficiency of the evidence, the jury viewed the videotape, but also heard evidence on surrebuttal from three of Crook's relatives that the individual in the tape was not the defendant. There is nothing in the record to indicate that the videotape was of poor quality or had any defect that would impede the jury's ability to discern the identity of the people in the tape. Thus, the evidence was sufficient for the jury to determine whether Crook was the individual in the tape. Finally, it is unlikely that Crook was unduly prejudiced by the admission of the tape. The district judge viewed the tape *in camera* prior to admitting it. He found that the tape was authentic and that the individual filmed appeared to be Crook. Additionally, the judge gave a limiting instruction cautioning the jury that the videotape was admitted only on the issue of knowledge.

We conclude that the requirements for the admission of FRE 404(b) evidence have been met here. Accordingly, we affirm.