106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon Ruiz OJEDA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Ruiz ZAVALA, Defendant-Appellant.
 Nos. 95-50581, 95-50582.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 14, 1997.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants were convicted at trial of cocaine trafficking. Ojeda is serving 235 months; Zavala, life in prison. The chief witness against them was a co-conspirator/informant, Juan Galindo, who was paid over $100,000 for his work.
 
 Defendants make seven arguments:
 
 3
 1. Agent Roberts' testimony. Defendants complain that the court erred in admitting a DEA agent's testimony about what Galindo told him while the conspiracy was still unfolding. Because the statements were not made in furtherance of the conspiracy, Fed.R.Evid. 801(d)(2)(E), the hearsay exemption for statements of co-conspirators, does not apply. The government argues that the statements were not hearsay in any event because they were admitted to explain the "background" of the investigation. In some cases, statements made by conspirators to agents are admissible as non-hearsay to explain why the agents took certain actions. See, e.g., United States v. Brown, 923 F.2d 109, 111 (8th Cir.) (out-of-court statement is not hearsay if offered for the limited purpose of explaining why a police investigation was undertaken), cert. denied, 502 U.S. 833 (1991). Here, however, none of the agents' actions were at issue.
 
 
 4
 Nonetheless, any error in admitting the statements was harmless, because Galindo made the same statements again on the stand. While having the agent reiterate Galindo's earlier statements--calmly and coherently--may have heightened Galindo's credibility in the jurors' eyes, it could not have had enough impact to change the outcome of the trial. See United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991).
 
 
 5
 2. Juror misconduct. Two months after trial, Juror Deborah Betz revealed that during a recess from deliberations she consulted books containing California state law jury instructions on the definition of conspiracy; she claims she later told the other jurors what she'd read. She also consulted a book on weapons to determine whether the guns linked to Ojeda were illegal, and she described for her fellow jurors "how things really work in the narcotics world" based on her history as a drug informant. Juror Betz also opined that these items "didn't affect anybody."
 
 
 6
 The judge denied defendants an evidentiary hearing because (1) the motion was not brought within 7 days as required by Fed.R.Crim.P. 33 and (2) he found that Betz's testimony was not believable and that, even if it were true, her actions would not have affected the verdict.
 
 
 7
 A court is not required to conduct an evidentiary hearing every time an allegation of juror misconduct is made; a threshold of reliability and relevance must be met. See United States v. Matta-Ballesteros, 71 F.3d 754, 766 (9th Cir.1995), amended, 98 F.3d 1100 (9th Cir.1996). Here, based on his credibility determination and the nature of the allegations, the judge declined to delve any further. This was within his discretion.[1] See United States v. Olano, 62 F.3d 1180, 1192 (9th Cir.1995).
 
 
 8
 3. Informant instruction. Defendants complain of the court's failure to inform the jury, at the end of the trial, that the testimony of an informant must be viewed with particular caution. However, the court gave substantially the same instruction before the presentation of evidence; the order of presentation of evidence and instruction is within the judge's discretion.[2]
 
 
 9
 4. Cross-examination on informant's prior bad acts. Defendants complain that their cross-examination into the prior bad acts of informant Galindo was unfairly curtailed. However, they were able to cross-examine Galindo about a counterfeiting conviction. This felony-and-crimen falsi conviction was far more probative of Galindo's truthfulness than the acts that were excluded; the judge did not abuse his discretion in limiting cross examination in this way. See United States v. Kennedy, 714 F.2d 968, 973 (9th Cir.1983), cert. denied, 465 U.S. 1034 (1984).
 
 
 10
 5. Cross-examination on informant's immigration problems. Defendants complain that the government told the jury that Galindo testified out of altruism, but in fact Galindo had a strong motive to do as the government asked--he had immigration problems that the government cleared up in exchange for his cooperation. However, defendants were allowed to cross-examine Galindo on his motivations. There was no abuse of discretion. See Kennedy, 714 F.2d at 974.
 
 
 11
 6. Authentication of Ojeda's voice on tapes. At trial, Galindo was allowed to identify Ojeda as the individual with whom he spoke during two key phone calls, despite the fact that the speaker never identified himself as Ojeda and Galindo had not met or spoken to Ojeda previously. However, there was sufficient circumstantial evidence from which the jury could have inferred that Ojeda was, in fact, the person on the tapes. See United States v. Miller, 771 F.2d 1219, 1234 (9th Cir.1985).
 
 
 12
 7. Failure to provide written jury instructions. Courts often find it useful to provide jurors with written instructions, especially when the jury returns to deliberate after a lengthy recess. However, the failure to provide written instructions was not plain error where the judge informed the jurors that they could return to the courtroom any time they had a question about his instructions. That they did ask such a question indicates that the jury was not set adrift by the judge's failure to provide written instructions.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thus we need not decide whether, under United States v. Hanoum, 33 F.3d 1128 (9th Cir.1994), cert. denied, 115 S.Ct. 1702 (1995), Rule 33's exception for motions based on "newly discovered evidence" applies when the evidence involves jury misconduct
 
 
 [2]
 Arguably, from the defendants' point of view, the giving of an informant instruction before the witness testifies may be more effective than the usual practice of giving it after. This is because a prior instruction may diminish the informant's credibility in the jurors' eyes from the get-go