**UNITED STATES of America,**

v.

**Francis X. LIVOTI, Defendant.**

**No. 98 CR. 25(SAS).**

United States District Court, S.D. New York.

June 4, 1998.

---

Andrew S. Dember, Mark F. Pomerantz, Serene K. Nakano, New York City, for United States.

Stuart London, London & London, White Plains, NY, for Defendant Livoti.

## MEMORANDUM OPINION

SCHEINDLIN, District Judge.

The Government seeks to introduce evidence at trial, pursuant to Fed.R.Evid. 404(b), concerning two alleged prior assaults by defendant Francis X. Livoti on individuals he was arresting during the course of his police work. The first incident purportedly occurred on September 1, 1990, in the Bronx, New York and involved the arrest of Manuel Bordoy and Ivan Cruz. The second allegedly involved the arrest of Steven Resto on September 11, 1993, also in the Bronx.

In the Bordoy–Cruz incident, Livoti was allegedly in the process of arresting Cruz by twisting his arm behind his back when Bordoy approached Livoti and told him that he was being unnecessarily rough. In response, Livoti allegedly punched Bordoy twice in the face, causing his jaw to fracture in three places. In the Resto incident, Livoti purportedly approached Resto, who had been illegally driving a go-cart, and forcefully slapped him in the face. After arresting Resto, Livoti drove him to the Forty–Fifth Precinct station house, removed him from the police car, and forcefully pushed him up against the patrol car, grabbing Resto's larynx with one hand, causing him to gasp for air and become dizzy. The Government contends that evidence of the two incidents is admissible pursuant to Rule 404(b) to show that Livoti's assault on Anthony Baez, the alleged victim in this case, was intentional and knowing and not a mistake or accident.

By way of letter dated May 7, 1998 and at a conference held before this Court on May 15, 1998, defendant objected to the admission of any evidence concerning these two incidents. At the May 15 conference, after hearing argument from both Livoti and the Government, I held that evidence of the Resto incident was admissible pursuant to Rule 404(b) and scheduled a pretrial hearing concerning the Bordoy–Cruz incident. The rea-

soning supporting that ruling is set forth below.

## I. Discussion

 In *Huddleston v. United States*, 485 U.S. 681, 685–91, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the Court framed a four-part test for the admission of evidence pursuant to Rule 404(b): (1) the evidence must be introduced for a proper purpose; (2) the offered evidence must be relevant to an issue in the case pursuant to Fed.R.Evid. 402; (3) the evidence must satisfy the probative-prejudice balancing test of Fed.R.Evid. 403; and (4) the court must, if requested, provide a limiting instruction to the jury. *See United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992); *United States v. Ramirez*, 894 F.2d 565, 568–70 (2d Cir.1990).

 Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts" may be admissible for such purposes as proving "intent," "knowledge," and "absence of mistake or accident." Defendant does not deny that similar act evidence is admissible for these purposes. In defendant's May 7 letter, he explicitly raises the issue of Livoti's intent: "It is clear that based upon Officer Livoti's Grand Jury Minutes that while he did engage in a struggle with Anthony Baez, that he never intentionally applied a choke hold nor did he ever intend to injury Mr. Baez." Accordingly, evidence of Livoti's conduct during the Bordoy, Cruz, and Resto arrests may be admissible under Rule 404(b) to prove that Livoti's alleged use of excessive force on Baez was intentional and not the result of a mistake or accident. *See, e.g., United States v. Shedlock*, 62 F.3d 214, 218–219 (8th Cir. 1995) (evidence that defendant charged with assault subsequently engaged in similar conduct was properly admitted under Rule 404(b) to prove intent); *United States v. Hinton*, 31 F.3d 817, 822–23 (9th Cir.1994) (in prosecution of defendant for stabbing his wife, evidence of defendant's prior assaults on his wife was properly admitted under Rule 404(b) to prove intent and absence of

accident); *United States v. Burk*, 912 F.2d 225, 228–29 (8th Cir.1990) (evidence that defendant, charged with assaulting a federal official, had previously threatened to assault a police officer was properly admitted under 404(b) to prove intent). The first prong of *Huddleston* is, therefore, satisfied with respect to the Bordoy–Cruz and Resto incidents.[1]

 Under the second prong of *Huddleston*, "evidence is only relevant if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689, 108 S.Ct. 1496. Livoti contends that this standard has not yet been satisfied with respect to the Bordoy–Cruz incident. For this reason, a hearing will be held to hear the Government's evidence as to this incident. Livoti does not dispute that the Government's evidence of his alleged conduct in the Resto incident, for which he was convicted on September 30, 1997, satisfies the second prong of *Huddleston*.

Livoti challenges the admissibility of the Government's proffered evidence under the third prong of *Huddleston*, which requires that the Court determine, pursuant to Rule 403, whether the prejudice of admitting the evidence substantially outweighs its probative value. The only prejudice argued by Livoti is that the jury might rely on the proof of the two prior incidents as propensity evidence, rather than as evidence of Livoti's intent or the absence of mistake or accident. The risk that a jury will impermissibly consider 404(b) evidence as proof of a defendant's propensity to act in a certain manner exists whenever 404(b) evidence is admitted. The fourth factor in *Huddleston* is intended to mitigate this risk by requiring that a court, if requested, provide a limiting instruction to the jury. Because jurors are presumed to follow a court's instructions, *see Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Romero*, 54 F.3d 56, 60 (2d Cir.1995), I cannot conclude that after receiv-

---

**1.** The Second Circuit "takes an inclusive approach to prior bad act testimony: such testimony can be admitted for any purpose except to show criminal propensity." *United States v. Ste-*

*vens*, 83 F.3d 60, 68 (2d Cir.1996); *accord United States v. Germosen*, 139 F.3d 120, 127 (2d Cir. 1998).

ing a limiting instruction, the jury will use the proof of the Bordoy–Cruz and Resto incidents as propensity evidence. Thus, the prejudice claimed by Livoti will be minimized by a limiting instruction that complies with *Huddleston*'s fourth prong.[2]

The evidence proffered by the Government is highly probative on the issue of Livoti's intent to use excessive force against Baez. Accordingly, the minimal prejudice claimed by Livoti does not substantially outweigh the probative value of the evidence, and the third prong of *Huddleston* is satisfied.

## II. Conclusion

For the reasons stated above, evidence of the Resto incident is admissible to show that Livoti's alleged use of excessive force on Baez was intentional and not a mistake or accident. The admissibility of evidence concerning the Bordoy–Cruz incident will be determined following the pre-trial hearing now scheduled for June 9, 1998.

SO ORDERED.

---

2. The jury will be instructed as follows:

 The Government has offered evidence tending to show that on two different occasions, the defendant engaged in conduct similar to the charge in the Indictment.

 In that connection, let me remind you that the defendant is not on trial for committing these acts, which are not alleged in the Indictment. Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

 If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the act charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

 Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also committed the act charged in the Indictment.

 *See* Leonard B. Sand, *Modern Federal Jury Instructions* ¶ 5.10, at 5–72 (1997).