COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in all but Parts II.A and III of the court’s opinion. In my view, the district court did not abuse its discretion in admitting evidence of Torrance Cotton’s prior convictions, and I do not join the court’s dicta concerning the application of Federal Rule of Evidence 404(b).
Rule 404(b) provides that evidence of a crime, such as a prior conviction, may be admissible for several enumerated purposes. Cotton had sustained prior convictions for possession with intent to distribute cocaine and attempted trafficking in drugs. The district court ruled that these prior convictions were admissible to prove “knowledge, intent, and absence of mistake or accident.” These are among the purposes enumerated in the rule. The district court explained that Rule 404(b) “is a rule of inclusion,” that there was “sufficient temporal proximity” to admit the prior convictions, that the prior convictions were “particularly relevant, because the drug involved is cocaine,” and that the court would give “a limiting instruction to the jury to try to limit any prejudice that there might be, because it is important to balance the probative value with the prejudice.” R. Doc. 713, at 24-25.
In this case, Cotton was charged with conspiracy to distribute cocaine and possession with intent to distribute cocaine. The conspiracy charge required proof that Cotton voluntarily and intentionally joined an agreement, and that he knew the purpose of the agreement. On the substantive count, the government was required to prove that Cotton knew that what he possessed was cocaine, as opposed to some other substance, and that he intended to distribute the cocaine, rather than use it, store it, or otherwise dispose of it. Cotton’s prior convictions were relevant on the issues of knowledge or intent. It was more probable with the evidence of prior convictions than without it, for example, that Cotton knew the substance he possessed was cocaine and that he intended to distribute it. See United States v. Crowder, 141 F.3d 1202, 1209 (D.C.Cir.1998) (en banc). The evidence of prior convictions likewise made it more probable that Cotton knew that he joined a conspiracy to distribute cocaine and did not participate *440 unwittingly. United States v. Robinson, 809 F.3d 991, 997-98 (8th Cir.2016); United States v. Brown, 956 F.2d 782, 787 (8th Cir.1992).
In a drug trafficking prosecution, evidence of a prior drug conviction is nearly always relevant to show a defendant’s knowledge or intent in committing the charged offense. See, e.g., United States v. Armstrong, 782 F.3d 1028, 1034 (8th Cir.2015); United States v. Horton, 756 F.3d 569, 579-80 (8th Cir.2014); United States v. Gipson, 446 F.3d 828, 831 (8th Cir.2006); United States v. Frazier, 280 F.3d 835, 847 (8th Cir.2002); United States v. Williams, 895 F.2d 1202, 1205 (8th Cir.1990). Admission of prior convictions to prove absence of mistake in a drug case is perhaps less common, but it is also supported by circuit precedent. United States v. Ellis, 817 F.3d 570, 579 (8th Cir.2016) (“Ellis’s prior conviction was for delivering heroin — the very drug he was charged with distributing in this case, which made the prior conviction particularly relevant to knowledge, intent, and absence of mistake.”); United States v. McGilberry, 620 F.3d 880, 886-87 (8th Cir.2010); United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir.1995) (“Shoffner’s prior involvement in marijuana dealing also tends to prove motive, knowledge, and absence of mistake to rebut Shoffner’s claim that he was merely present and unaware of the conspiracy.”). The district court here gave a cautionary instruction to the jury, explaining the limited purposes for which the evidence of prior convictions was received. This instruction “diminishe[d] the danger of any unfair prejudice arising from the admission of other acts.” United States v. Franklin, 250 F.3d 653, 659 (8th Cir.2001). The district court did not abuse its discretion in concluding that the probative value was not substantially outweighed by a danger of unfair prejudice. See Fed. R. Evid. 403; Ellis, 817 F.3d at 579; United States v. Hath, 634 F.3d 482, 488 (8th Cir.2011).
The court does not conclude that there was error, but sees a “reason to be concerned,” because “Rule 404(b), by its own terms, requires more” explanation for admissibility than what the government and the district court provided. Ante, at 434-35. Not so. The terms of the rule speak only to the purposes for which evidence is admissible; they do not address what the prosecution or the district court must specify on the record. Our decisions encourage the government and the district court to articulate a theory of admissibility to facilitate appellate review, but even where the government simply reads a list of issues for which prior bad acts can be admitted under Rule 404(b), that “is not in itself a basis for reversal.” United States v. Mothershed, 859 F.2d 585, 589 (8th Cir.1988). The reviewing court must examine the material issues from the trial and determine whether the evidence of prior convictions was relevant for the purposes specified. Id.
The evidence at issue here was clearly relevant to the limited issues on which it was admitted — knowledge, intent, and absence of mistake. We have said before in the context of Rule 404(b) that “[jjudges need not explain the obvious, even briefly.” United States v. Burk, 912 F.2d 225, 229 (8th Cir.1990) (internal quotation marks omitted). As in Burk, “the prosecution made clear enough the purpose for which it wished to elicit the evidence,” and “further explanation from the court was unnecessary.” Id. Likewise, “the factors upon which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the district court’s ruling.” Id. (internal quotation marks omitted).
*441 The evidence of Cotton’s prior convictions was properly admitted. The district court may have erred by not sustaining Cotton’s objection to the government’s closing argument that the prior convictions tended to prove the absence of a “cosmic accident,” because the argument did not address a true “accident,” see ante, at 434 n. 2, but I agree with the court that any error in that respect was harmless.
For these reasons, I concur in the judg- ■ ment.