UNITED STATES of America, Appellee,

v.

Jerry Lee HARVEY, Appellant.

UNITED STATES of America,
Appellant,

v.

Jerry Lee HARVEY, Appellee.

Nos. 87–1877, 87–1878.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1988.

Decided April 26, 1988.

Emergency Motion for Release
and Rehearing Denied
June 24, 1988.

* The Honorable Earl R. Larson, United States
Senior District Judge for the District of Minne-
sota, sitting by designation.

James D. McMaster, Miami, Fla., for appellant.

Samuel Rosenthal, Washington, D.C., for appellee.

Before FAGG and MAGILL, Circuit Judges, and WRIGHT,[*] Senior Circuit Judge.

FAGG, Circuit Judge.

Jerry Lee Harvey was convicted in 1987 of conspiring to defraud the United States in violation of 18 U.S.C. § 371. Harvey's conviction arose out of his participation in a scheme to avoid payment of appropriate federal taxes related to the sale of an airplane. Harvey appeals, claiming the district court improperly admitted evidence of Harvey's involvement over ten years earlier in other criminal activities. We reverse and remand for a new trial.

Harvey arranged through Patrick McCarten, an airplane broker in St. Louis, Missouri, to buy a Lear jet. The terms of the sale called for Harvey to pay a cash deposit and to pay the remainder of the purchase price in two parts: one part in the form of a check or wire funds transfer and the other in cash on delivery. The understood function of this method of payment was to misrepresent the actual sales price of the airplane for the purpose of avoiding payment of federal taxes attributable to the transaction.

As part of its case in chief on Harvey's tax conspiracy prosecution, the government offered the following testimony by McCarten concerning a meeting he had with Harvey during an unrelated business trip:

Q. Did you talk about various subjects during the lunch?

A. Yes, sir.

\* \* \* \* \* \*

Q. What did the defendant say?

A. The defendant indicated to me that at some time in his past, that I interpreted to be the late '60s and the early '70s, that he was an importer of drugs into the United States.

Q. Did he say whether or not he made any money in his business dealings?

A. Yes, sir, he indicated that he made large sums of money.

Q. Did he say anything about how large?

A. The term millions comes to mind.

Q. Did he say where the money was?

A. Yes, sir, he indicated the money was invested in the Cayman Islands.

\* \* \* \* \* \*

Q. Did he tell you why he had gotten out of the business?

A. He indicated to me that some time in the mid to late '70s, he had contracted cancer of the ankle and it was going to take considerable time to rehabilitate himself from the operation curing the cancer. He felt he could no longer operate the business of importing drugs in—being less than 100 percent capable, and there-

---

\* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

fore he had dismantled his business and ceased to operate in that area. Tr. 3–43 to 3–45.

Harvey raised the issue of the admissibility of this evidence in his pretrial and posttrial motions. At trial, Harvey objected to McCarten's testimony as irrelevant and even if relevant, as highly prejudicial under Federal Rule of Evidence 403. In response, the government stated its purpose for offering the evidence was to show Harvey's conduct was not the result of mistake or accident, but was motivated by Harvey's need for a method of converting earlier illegal gains into legitimate assets by passing extra cash "under the table."

The district court overruled Harvey's objection to McCarten's testimony, determining that under rule 403 the evidence was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice. The district court also ruled that under Federal Rule of Evidence 404(b) the evidence was admissible to show motive, intent, preparation, or absence of mistake or accident. The jury was not instructed, either at the time of McCarten's testimony or in the final instructions, that the evidence could be considered only for this limited purpose and not as evidence of Harvey's propensity to engage in criminal activity.

█ Initially, we observe the district court's "laundry list" approach to rule 404(b) is of little help to us. Rather than making a broad reference which merely restates the components of the rule, the district court should specify which components of the rule form the basis of its ruling and why. *See United States v. Rivera,* 837 F.2d 906, 912 (10th Cir.1988). To that end, the court should require the party invoking the rule to explain clearly its 404(b) analysis. *See id.*

█ On appeal Harvey does not challenge the sufficiency of evidence to support his tax conspiracy conviction. Neither does he challenge the accuracy of McCarten's description of his earlier activities. Instead, Harvey argues that because McCarten's testimony concerns uncharged drug and financial activities occurring more than ten years before this tax prosecution, the district court committed reversible error in allowing the jury to consider that evidence. We agree.

█ McCarten's testimony about Harvey's past drug and financial dealings is evidence of other bad acts and is not admissible to prove that because Harvey engaged in illegal conduct in the past, he is guilty of the current charge. *See* Fed.R. Evid. 404(b); *United States v. Lanier,* 838 F.2d 281, 285 (8th Cir.1988) (per curiam). The government contends the evidence is admissible, however, for the purpose of proving motive. *See* Fed.R.Evid. 404(b); *United States v. Wagoner,* 713 F.2d 1371, 1375 (8th Cir.1983). Rule 404(b) admissibility requires:

(1) an issue is raised on which evidence of other crimes may be received; (2) the evidence is relevant to that issue; (3) the evidence of the other crime or bad act is clear and convincing; and (4) the probative worth outweighs any prejudicial impact.

*Lanier,* 838 F.2d at 285. Although the district court has broad discretion in deciding whether to admit evidence of this type, *see id.,* we cannot agree McCarten's testimony meets the requirements for admission under rule 404(b).

Even if we accept the government's argument the disputed evidence is relevant on the issue of Harvey's motive for structuring the cash component of the sale and that McCarten's testimony was clear and convincing, the evidence does not meet *Lanier's* fourth requirement. This requirement recognizes that evidence admissible under rule 404(b) is still subject to the constraints of Federal Rule of Evidence 403, *see United States v. Gustafson,* 728 F.2d 1078, 1083 (8th Cir.), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984), which requires exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, *see* Fed.R.Evid. 403.

McCarten's testimony concerns Harvey's uncharged drug activities and related monetary gains during the "'60s and '70s."

Harvey is charged with a tax conspiracy that is not claimed by the government to have begun until 1982 or to be directly related to Harvey's earlier actions. The testimony describes conduct by Harvey over ten years earlier that is both dissimilar and remote from the charged offense.

In the context of this case McCarten's testimony, even if probative of Harvey's motive, is highly prejudicial and could have been offered in reality only to prove Harvey has a criminal past. To compound the problem, the jury was not instructed on the limited purposes for which the evidence could be considered. *See Rivera,* 837 F.2d at 913. We believe admission of this evidence was contrary to rules 404(b) and 403, is not harmless error, and requires reversal. *See United States v. Schwartz,* 790 F.2d 1059, 1062 (3d Cir.1986) (per curiam).

It is regrettable the district court was ever put to the task of evaluating this testimony in light of the government's other undisputed evidence against Harvey. Federal prosecutors have a responsibility zealously to prosecute on behalf of the United States; unfortunately, this case demonstrates an instance in which the government's attorneys have allowed their " 'zeal to out run [their] discretion.' " *See United States v. Pierce,* 792 F.2d 740, 742 (8th Cir.1986) (quoted citations omitted).

Because of our holding on the evidence issue, we do not consider the merits of Harvey's other contentions on appeal or the government's cross-appeal.

Reversed and remanded.