977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Fredrico Lowe BEY, Appellant,
v.
Rubin HAMON; James Long; St. Louis Police Department; City
of St. Louis; Robert E. Scheetz, individually and as Police
Chief of City of St. Louis; Rubin Hamon, individually and
as a police Eastern District of Missouri. officer for City
of St. Louis; James Long, individually and as police
officer of City of St. Louis; David Robbins; James Conway;
Nesby Moore; Rita Krapf, Appellees.
 No. 91-2374.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 14, 1992.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Fredrico Lowe Bey sued St. Louis city police officers Rubin Hamon and James Long under 42 U.S.C. § 1983 (1988), alleging violations of his civil and constitutional rights. He appeals from the adverse judgment entered on a jury verdict, citing as error three evidentiary rulings of the district court. We affirm.
 
 
 2
 Lowe Bey alleges that Officers Hamon and Long, on two occasions, falsely arrested him, and used excessive and unnecessary physical force, which caused physical and mental injuries. The alleged incidents occurred on July 12 and July 25, 1987.
 
 
 3
 During the first incident, the officers arrested Lowe Bey for possession of marijuana. Lowe Bey alleges that Officer Hamon slapped him and called him offensive names while making the arrest. Lowe Bey later was acquitted of the charge of possession of marijuana.
 
 
 4
 During the second incident, the same officers arrested Lowe Bey in connection with a reported assault. Lowe Bey alleges that on this occasion he suffered beatings at the hands of the officers during the arrest, while being transported in the squad car, and again in the garage of the police station.
 
 
 5
 During the trial on Lowe Bey's claims of abuse, the district court ruled in favor of defendant officers on three evidentiary issues which now are the subject of this appeal. One ruling excluded evidence of the acquittal of Lowe Bey on the charge of possession of marijuana. Another ruling excluded evidence concerning other complaints of abuse against Officers Hamon and Long. The third ruling admitted testimony regarding rape and sodomy charges of which Lowe Bey had been convicted.
 
 
 6
 The jury found in favor of Officers Hamon and Long on all of Lowe Bey's claims, and this appeal followed.
 
 
 7
 A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. United States v. Abel, 469 U.S. 45, 54 (1984). We will reverse the trial court's ruling on the admissibility of evidence only upon a showing of a clear and prejudicial abuse of that discretion. Morrissey v. Welsh Co., 821 F.2d 1294, 1305 (8th Cir. 1987).
 
 
 8
 Lowe Bey argues it was error not to admit evidence of his acquittal of the marijuana possession charge. The evidence was necessary, he asserts, to prevent the jury's assumption of a conviction. If admitted, such evidence also would bolster Lowe Bey's contention of a lack of probable cause in the arrest of July 12, 1987.
 
 
 9
 A jury may, however, acquit a defendant for any reasonable doubt concerning a criminal charge. Accordingly, evidence of an acquittal or dismissal of related criminal charges in a later civil proceeding has been held not probative of a lack of probable cause for the underlying arrest. Heath v. Cast, 813 F.2d 254, 260 (9th Cir. 1987); Palma v. Powers, 295 F.Supp. 924, 942 (N.D.Ill. 1969). Because the acquittal evidence has little probative value and carries a potential risk of incorrectly implying a lack of probable cause to the jury, it was not an abuse of discretion for the district court to decline to admit it.
 
 
 10
 Lowe Bey acknowledges the potential danger of prejudice in admitting the acquittal evidence, but contends on appeal that such danger could have been remedied by jury instructions explaining the difference between criminal and civil burdens of proof. No such instructions were requested when making his objection, however, rendering our review of this alternative theory one of plain error. We do not believe that exclusion of the acquittal evidence rose to the level of plain error.
 
 
 11
 Lowe Bey contends the district court also erred by not admitting evidence of citizen complaints alleging other acts of excessive force by Officers Hamon and Long. Lowe Bey argues these complaints are probative of the liability of other defendants who had supervisory responsibility over Hamon and Long. Because the district court dismissed those supervisory officials from this suit before trial, the argument lacks merit.
 
 
 12
 Lowe Bey also notes that "Federal Rule of Evidence 404(b) permits evidence of prior actions to show motive, intent, preparation, purpose, knowledge or absence of mistake or accident and to show plan or design." Appellant's Brief 11. Although Lowe Bey's recitation of the rule is correct, his "laundry list" approach to rule 404(b) is of little help to us. See United States v. Mothershed, 859 F.2d 585, 589 (8th Cir. 1988); United States v. Harvey, 845 F.2d 760, 762 (8th Cir. 1988). A proponent of prior bad act evidence should articulate which components of the rule form the basis of the relevancy of the evidence and why. United States v. Johnson, 879 F.2d 331, 334 n. 2 (8th Cir. 1989) (quoting Harvey, 845 F.2d 760, 762 (1988)). Lowe Bey fails to provide this information.
 
 
 13
 Evidence of prior bad acts may not be admitted to prove the character of a person and his propensity to act accordingly. Fed. R. Evid. 404(b). Such evidence may be admitted under one of the exceptions cited by Lowe Bey if the evidence is relevant to a material issue, the prior bad acts are similar in kind and close in time to the conduct at issue, there is a preponderance of evidence indicating the defendants committed the prior acts, and the potential prejudice of the evidence does not substantially outweigh its probative value. United States v. Anderson, 879 F.2d 369, 378 (8th Cir. 1989). In determining whether the prior bad acts evidence is admissible, we grant the district court broad discretion. Id.
 
 
 14
 In the present case, Lowe Bey does not identify the specific complaints of prior bad acts he seeks to have admitted or the substantive allegations contained in those complaints. He also fails to explain their relevancy to material issues. Because Lowe Bey fails to articulate the basis for the admission of the evidence of other citizen complaints, and because this evidence also carries the risk of potentially unfair prejudice, we do not find an abuse of the district court's discretion in excluding that evidence.
 
 
 15
 Defendants defend as proper the admitted testimony regarding the investigation of the rape and sodomy charges of which Lowe Bey was convicted. They assert Lowe Bey "opened the door" to such testimony, and argue it was relevant both to Lowe Bey's credibility, and to disprove his allegation of a pattern of harassment by defendant officers. Lowe Bey argues the evidence was not relevant, and that even if it were, the probative value of certain descriptive details of the crime was substantially outweighed by its prejudicial effect on the jury.
 
 
 16
 A district court may exclude even relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The rule does not, however, require that the evidence be excluded, but leaves discretion to make this decision in the hands of the district court judge. Because we agree the evidence was relevant, we would be warranted in finding reversible error only if the danger of unfair prejudice so substantially outweighed the probative value of the evidence as to demonstrate a clear and prejudicial abuse of the district court's discretion. United States v. Misle Bus & Equip. Co., 967 F.2d 1227, 1235 (8th Cir. 1992). We find no such abuse.
 
 
 17
 The judgment of the district court is affirmed.