601 S.E.2d 75

**STATE of West Virginia ex rel. Jason L. CATON, Petitioner,**

**v.**

**The Honorable David H. SANDERS, Judge of the Circuit Court of Berkeley County, West Virginia, Respondent.**

**No. 31661.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 24, 2004.

Decided June 29, 2004.

Concurring Opinion of Justice Starcher July 14, 2004.

Starcher, J., concurred and filed opinion, in which Albright, J., joined.

758

Deborah A. Lawson, Chief Public Defender, William R. DeHaven, Public Defender Corporation, Martinsburg, West Virginia, Attorneys for the Petitioner.

Pamela Jean Games–Neely, Berkeley County Prosecuting Attorney, Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, West Virginia, Attorneys for the Respondent.

1. Count I of the indictment alleged the first degree sexual assault of a twelve-year-old female in August 2001. Counts II and III alleged two second degree sexual assaults of a fifteen year old female in February 2002.

2. Count IV alleged kidnaping of a twenty-two year old female in April 2003, which kidnaping led to a sexual assault against her an adjacent county.

3. The circuit court explained its decision to sever the offenses, yet allow the 404(b) evidence, thusly:

The Court initially concluded that sound discretion would permit a unitary trial of such closely related offense[s] with similar evidence.

Justice STARCHER and Justice ALBRIGHT concur and reserve the right to file separate opinions.

DAVIS, Justice:

In this original proceeding in prohibition, a criminal defendant seeks to prohibit the circuit court from allowing evidence of prior bad acts pursuant to West Virginia Rule of Evidence 404(b). Finding a proper purpose for the admission of the challenged evidence, we deny the writ. In addition, however, we clarify the requirements for demonstrating the purpose which must be shown in order to achieve the admission of such evidence.

# I.

## FACTUAL AND PROCEDURAL HISTORY

On October 16, 2002, Jason L. Caton (hereinafter "Mr. Caton") was named as the defendant in a four count indictment alleging that he sexually assaulted two separate females on two distinct occasions,[1] and that on a third occasion he kidnaped another female for the purpose of sexually assaulting her.[2] Mr. Caton filed a motion to sever the counts for trial, and the State argued in response that, if the counts were severed, it intended to introduce at each trial evidence from each of the offenses pursuant to Rule 404(b) of the West Virginia Rules of Evidence. By order entered July 10, 2003, the trial court granted Mr. Caton's motion for severance, and preliminarily ruled that it would allow the 404(b) evidence.[3]

However, the Court now feels a more conservative route, of severing the offenses and allowing evidence of the other counts of the indictment in only as 404(b) evidence, would provide unarguable fairness to both sides, with the State free to use evidence relevant to the case and the Defendant protected by a cautionary instruction limiting the jury's use of such evidence at trial.

The circuit court also explained that its decision to grant severance was primarily based upon Mr. Caton's assertion that he "may wish to testify in the trial involving the twenty-one year old alleged victim and not the cases involving the two minor alleged victims.... [Mr. Caton has asserted that] trying the 'cases together would impair [his] right to make independent decisions as to

Thereafter, the State filed notice of its election to first prosecute counts two and three of the indictment, and notice of its intent to use 404(b) evidence. On August 22, 2003, the circuit court conducted a pre-trial hearing as required by *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994). During the course of the hearing, the circuit court heard the testimony of each of the three alleged victims. On November 4, 2003, the circuit court entered its order allowing the 404(b) evidence to be used at each of the trials arising from the indictment.[4] The circuit court expressly stated that in making its decision to allow the 404(b) evidence, it "relie[d] on its remarks made during the August 22 hearing as well as the discussion in the July 10, 2003 Order granting severance of the counts of the indictment."

On December 1, 2003, the State gave notice of its intent to next prosecute count I of the indictment. Trial on count I was scheduled for January 21, 2004. Thereafter, Mr. Caton filed in this Court a petition for writ of prohibition seeking to prevent the State from admitting the 404(b) evidence at his scheduled trial on count I, and at his future trial for count IV. We issued a rule to show cause and now deny the petition.

## II.

### STANDARD FOR WRIT OF PROHIBITION

It is well established that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va.Code, 53–1–1." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977). In the case *sub judice,* Mr. Caton essentially contends that the circuit court has exceeded its legitimate powers by deciding to admit the challenged evidence. In syllabus point 4 of *State ex rel. Hoover v. Berger,* we

established the standard for considering whether to issue a writ of prohibition in the context of a trial court exceeding its jurisdiction as follows:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

199 W.Va. 12, 483 S.E.2d 12 (1996). Moreover, we have stated that

[i]n determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of

---

the defenses he is going to present on each case.' "

4. After a jury trial on counts II and III during which the 404(b) evidence was admitted and the jury was given cautionary instructions, the jury returned a verdict of guilty of two counts of

second degree sexual assault. No issues directly involving Mr. Caton's trial of counts II and III, or his resulting conviction, are presently before us in connection with this original proceeding in prohibition.

any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syl. pt. 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

■ In deciding whether to grant the writ of prohibition in this case, we are asked to review the circuit court's decision to allow evidence of other crimes pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Thus, our consideration of this case is further guided by the principles we have instituted for reviewing a trial court's decision as to 404(b) evidence.

The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) [of the West Virginia Rules of Evidence] involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403. *See State v. Dillon,* 191 W.Va. 648, 661, 447 S.E.2d 583, 596 (1994); *TXO Production Corp. v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992), *aff'd,* 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993); *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986).

*State v. LaRock,* 196 W.Va. 294, 310, 470 S.E.2d 613, 629 (1996) (footnotes omitted). *See also State v. McGinnis,* 193 W.Va. 147, 159, 455 S.E.2d 516, 528 ("[W]e review the trial court's decision to admit evidence pursuant to Rule 404(b) under an abuse of discretion standard.... Our function on ... appeal is limited to the inquiry as to whether the trial court acted in a way that was so arbi-

trary and irrational that it can be said to have abused its discretion. In reviewing the admission of Rule 404(b) evidence, we review it in the light most favorable to the party offering the evidence, in this case the prosecution, maximizing its probative value and minimizing its prejudicial effect." (internal citations omitted)). Guided by these various standards, we now consider the substantive issues raised in this original jurisdiction proceeding.

## III.

## DISCUSSION

Mr. Caton claims both the State and the circuit court have failed to identify the precise purpose for which the 404(b) evidence is being offered, in direct violation of this Court's holding in syllabus point 1 of *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516. Mr. Caton contends that the State and the circuit court are doing that which *McGinnis* precisely bars, i.e., reciting the "litany" of possible uses listed in Rule 404(b).[5] Mr. Caton argues that, without a specific purpose identified, a jury is left clueless as to how to consider the 404(b) evidence and the risk of prejudice is thereby increased.

■ Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith." W. Va. R. Evid. 404(b). Nevertheless, Rule 404(b)

expressly permits the introduction of specific acts in the nature of crimes, wrongs, or acts to prove purposes other than character, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Thus, Rule 404(b) permits the introduction of specific crimes, wrongs, or acts for "other purposes" when character

---

**5.** W. Va. R. Evid. 404(b) states:

*Other Crimes, Wrongs, or Acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,

or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

is not, at least overtly, a link in the logical chain of proof.

*McGinnis,* 193 W.Va. at 154, 455 S.E.2d at 523. Indeed, Rule 404(b) "is an 'inclusive rule' in which all relevant evidence involving other crimes or acts is admitted at trial unless the sole purpose for the admission is to show criminal disposition." *State v. Edward Charles L.,* 183 W.Va. 641, 647, 398 S.E.2d 123, 129 (1990). *Accord State v. Nelson,* 189 W.Va. 778, 784, 434 S.E.2d 697, 703 (1993); *State v. Lola Mae C.,* 185 W.Va. 452, 459, n. 14, 408 S.E.2d 31, 38 n. 14 (1991). *See also State v. Taylor,* 215 W.Va.74, 83, 593 S.E.2d 645, 654 (2004) (Davis, J., dissenting).

■■■ Even in recognizing the inclusive nature of 404(b) evidence, though, we have warned that such evidence should be treated with care, as "[w]e cannot escape the fact that Rule 404(b) determinations are among the most frequently appealed of all evidentiary rulings, and the erroneous admission of evidence of other acts is one of the largest causes of reversal of criminal convictions." *McGinnis,* 193 W.Va. at 153, 455 S.E.2d at 522 (citing Imwinkelried, *Uncharged Misconduct Evidence* § 1:04 at 8 (1984) (footnote omitted)). We have also observed that "where a trial court erroneously admits Rule 404(b) evidence, prejudicial error is likely to result." *Id.* (citations omitted). Certainly, then, the inclusive nature of Rule 404(b) "does not obviate . . . the need to identify the fact or issue to which the similar act evidence is relevant." *United States v. Burk,* 912 F.2d 225, 228 (8th Cir.1990) (citing *United States v. Mothershed,* 859 F.2d 585, 589 (8th Cir.1988), which quoted *United States v. Figueroa,* 618 F.2d 934, 939 n. 2 (2d Cir.1980)). Both the proponent of 404(b) evidence and the circuit court "[r]ather than making a broad reference which merely restates the components of the rule . . . should specify which components of the rule form the basis" of the proffer and the ruling. *Mothershed,* 859 F.2d 585, 589 (quoting *United States v. Harvey,* 845 F.2d 760, 762 (8th Cir.1988)). In keeping with this rationale, we instructed in syllabus point 1 of *McGinnis* that

[w]hen offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to iden-

tify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. It is not sufficient for the prosecution or the trial court merely to cite or mention the litany of possible uses listed in Rule 404(b). The specific and precise purpose for which the evidence is offered must clearly be shown from the record and that purpose alone must be told to the jury in the trial court's instruction.

■■■ Because of Mr. Caton's charge that, notwithstanding our directive in *McGinnis,* the State simply provided a list of uses for the 404(b) evidence without elaborating on precisely how the evidence will satisfy that use, and our observance of a disturbing trend among proponents of 404(b) evidence to fail to expressly make a connection between 404(b) evidence and the facts or issues to be shown by its use, we take this opportunity to re-examine *McGinnis's* requirement that the "specific and precise purpose for which the evidence is offered [be] clearly be shown from the record." Syl. pt. 1, 193 W.Va. 147, 455 S.E.2d 516. In this regard, we believe the proponent of the 404(b) evidence must show that such evidence will help to prove "a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *United States v. Merriweather,* 78 F.3d 1070, 1076 (6th Cir. 1996). In other words,

[W]here evidence is offered under Rule 404(b), the [proponent] bears the burden of showing how the proffered evidence is relevant to one or more issues in the case. The . . . standard is clear. The [proponent] must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice.

*United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir.1985). We hasten to add, however, that in making this showing the 404(b) proponent is not held to hypertechnicality. *See*

*United States v. Smith,* 52 M.J. 337, 342 (C.A.A.F.2000) ("We agree with the Sixth Circuit that '[u]pon objection by the defendant, the proponent of the evidence, usually the Government, should be required to identify the specific purpose or purposes for which the Government offers the evidence of other crimes, wrongs, or acts.'" .... "Moreover, we also agree with that appellate court that '[b]y so requiring, we do not mandate hypertechnicality.'" (citations omitted)); *Merriweather,* 78 F.3d at 1076 (same).

■ Finally, we reiterate *McGinnis's* direction that, if the 404(b) evidence is ultimately allowed at trial, the precise purpose for which the evidence was admitted "must be told to the jury in the trial court's instruction." Syl. pt. 1, in part, 193 W.Va. 147, 455 S.E.2d 516. To ensure that the jury does not use the evidence for an improper purpose, the *McGinnis* Court required that a limiting instruction be given at the time the evidence is offered, and "recommend[ed] that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence." Syl. pt. 2, in part, *Id.*

■ Based upon the foregoing, we hold that to satisfy the requirement to clearly show the specific and precise purpose for which evidence is offered under West Virginia Rule of Evidence 404(b), as set out in syllabus point 1 of *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994), the proponent of the 404(b) evidence must not only identify the fact or issue to which the evidence is relevant, but must also plainly articulate how the 404(b) evidence is probative of that fact or issue.[6] If the 404(b) evidence is determined to be admissible, then a limiting instruction shall be given at the time the evidence is offered, and must be repeated in the trial court's general charge to the jury at the conclusion of the evidence.[7]

■ As previously indicated, Mr. Caton argues that both the State and the circuit court have failed to identify the precise purpose for which the 404(b) evidence is being offered. Contrary to Mr. Caton's allegations, though, we find that the State did go beyond merely reciting a litany of reasons for admitting the 404(b) evidence. In the "STATE'S MEMORANDUM IN SUPPORT OF ADMISSION OF 404(B) EVIDENCE," the State explained

[t]he purposes for which the State intends to introduce the 404(b) evidence, and its relevance to each of the trials, the State reiterates and specifies here. "Identity," as the defendant's physical description, name, make of his car and his DNA in each of the victims' cases all point directly to this defendant. "Opportunity," as the defendant in each case approached his victims when they were alone and offered them rides in his car; the two that accepted were taken to secluded locations and sexually assaulted; the one that didn't accept the ride was already in a secluded location and was sexually assaulted at that location. "Modus operandi," in that in addition to the similarity of offered rides and secluded locations where the assaults took place within a discreet proximity of time, the defendant used force to sexually assault each of the victims, apologized to each thereafter and then offered rides from the scenes of his crime. For the very

---

**6.** We note that a failure to expressly articulate how 404(b) evidence is probative does not mandate *automatic* reversal. If the basis for the admission of the evidence is otherwise clear from the record, we can affirm the circuit court. *See* Syl. pt. 1, in part, *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 ("The specific and precise purpose for which the evidence is offered must clearly be shown from the record ...."). Indeed, the Tenth Circuit has specifically held that "the court's failure to adhere to *Kendall* is harmless so long as there is no substantial uncertainty about the correctness of the ruling and the purpose for admitting the evidence is readily apparent from the record." *United States v. Youts,* 229 F.3d 1312, 1318–19 (10th Cir.2000) (citation

omitted). *See also United States v. Lopez,* 340 F.3d 169, 173 (3d Cir.2003) ("'[T]he district court ... must in the first instance ... articulate reasons why the evidence also goes to show something other than character. Unless the reason is apparent from the record, a mere list of the purposes found in rule 404(b) is insufficient.'" (quoting *United States v. Sampson,* 980 F.2d 883, 888 (3d Cir.1992))).

**7.** As previously indicated, *McGinnis* recommended that a 404(b) instruction be given as part of the trial court's general charge to the jury. However, today, we make clear that such an instruction is mandatory.

same reasons, "intent," "motive" and "lack of accident or mistake" may be proved. The jury may properly infer from this evidence the defendant's state of mind to rape these women. Motive is closely aligned to intent, and this evidence demonstrates the defendant's impulse or desire to engage in sexual acts with defenseless young women. This evidence also belies the defendant's assertion as to at least one victim, and his prospective defense as to each victim, that the sex was consensual, or accidental or the product of a mistake . . . .

The evidence plainly supports the Court's earlier balancing that the probative value outweighs any unfair prejudice to the defendant. Without this relevant evidence, the jury is left with an incomplete story, leaving the trial hanging merely upon the word of the victim against the word of the defendant. There were no other eyewitnesses because the defendant took precautions to seclude his victims. Without DNA evidence, he may deny being present. With DNA evidence, his defense may become "she wanted it, she asked for it, I merely obliged." A fuller and truer story is made available with the admission of this relevant evidence. The Court properly noted in its July 10, 2003, Order that, with severed trials preventing conviction on all counts in a unitary trial and a limiting instruction to the jury, the probative value of this relevant evidence for the purposes allowed by 404(b), outweighs any unfair prejudice to the defendant.

We find that the foregoing reasons expressed by the State for admitting the 404(b) evidence are sufficient to meet the *McGinnis* standard.[8] To the extent that Mr. Caton has also complained that the circuit court's order, finding the evidence admissible, also violated *McGinnis* by failing to provide adequate detail, he has misinterpreted the *McGinnis* rule. So long as the record demonstrates how the 404(b) evidence is probative of a fact or issue of consequence in the case, *McGinnis* has been met. Since, in this instance, the State provided the necessary detail, the circuit court was not required to repeat that detail in its order.[9] For these reasons, we find no defect in the State's or the Circuit Court's application of *McGinnis* to warrant our issuance of a writ of prohibition.

## IV.

## CONCLUSION

For the reasons explained in the body of this opinion, Mr. Caton's petition for writ of prohibition is denied.

Writ denied.

STARCHER, Justice, concurring:

(Filed July 14, 2004)

I concur in the Court's opinion. The logical analysis in the Court's opinion is the beginning of a welcome refinement of the 404(b) jurisprudence of this Court. *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994) and this Court's better 404(b) cases emphasize that the only legitimate use of "other bad acts" evidence occurs when certain *specific* and *directly relevant factual issues* are clearly present in a case, and the

8. Mr. Caton also argued other reasons why the evidence should not be admitted under Rule 404(b). We do not find merit in those issues and therefore we summarily reject them.

9. We do note, however, that while the circuit court did not repeat the justification for admitting the 404(b) evidence for each purpose identified by the State, the circuit court did provide a lengthy description of the similarities among the attacks and indicated that those similarities impacted its decision to allow the evidence. The similarities identified by the court include: (1) the fact that each of the victims was able to identify her attacker as having the first name "Jason," and two of the victims were able to provide detailed descriptions of the defendant, including his full name and the location of his supposed residence; (2) DNA evidence from each of the victims indicated a 99% or better probability that Mr. Caton's sperm was present; (3) each of the victims was first approached by her assailant while he was driving a Mitsubishi Eclipse vehicle and each was offered a ride; (4) the two victims who accepted a ride were each taken to the same initial location; (5) in each instance it was alleged that the assailant used force; (6) each victim stated that her attacker apologized following the sexual assault; and (7) each victim was offered a ride by her assailant following her attack.

"other bad acts" evidence is *necessary*—that is, no other evidence or inference is available—to present proof on those factual issues.

Thus, in a sexual abuse case, if a defendant admits to touching a person intimately but denies any intentional criminal or sexual intent—where such intent is an element of the crime—other instances of intentional sexual touching *may* be admissible to refute the defendant's protestations of no illicit motive. However, in a sexual abuse case, the mere fact that the prosecution has the general burden of proof in a criminal case does not itself open the door to any available 404(b) evidence on every element of the crime.

If a defendant in such a case does not take the stand, or otherwise specifically contest the intent element while admitting the touching, the prosecution ordinarily could not put on evidence of other sexual offenses—because intent is not a fact specifically put in issue. And in most cases the inference of an illicit motive may be fairly drawn from proof of the act itself—if the defendant does not admit the touching. Put another way, if a defendant entirely denies being present, or denies any contact with a defendant SHOULD BE "VICTIM", the denial does not "open the door" to 404(b) evidence of other wrongful sexual touching incidents to show the intent or motive.[1] To hold otherwise would be the same as authorizing the introduction of a defendant's "rap sheet" as Exhibit No. 1 in every criminal prosecution.

The majority opinion's focusing on the specificity requirement of 404(b) is a positive step toward assuring that criminal convictions are based upon the direct evidence of a specific offense, and not upon the principle that "this is the kind of person who does these things."

Consider a bank robbery case. It is axiomatic that to prove criminal intent (that the defendant acted "feloniously"), one may not, in the trial of a bank robbery charge, automatically introduce evidence of other instances where the defendant robbed a bank. But if the defendant claims to have been pretend-

ing to rob the bank as a joke, then the other instances may be relevant. Or if the charge is conspiracy to rob, other instances of joint endeavor may be admissible to refute claims of no collusion between the actors.

Hundreds of years of Anglo–American jurisprudence cannot be cast aside in the zeal to convict and punish offenders. On a wall in my chambers is a photograph of several dozen American citizens who were convicted of murder after 1970 or so, sentenced to die, and later were exonerated and released. One of the lessons of this photograph is that juries can be persuaded of a defendant's guilt when in fact the defendant is not guilty. Perhaps nothing is more persuasive of guilt than evidence of other similar offenses—that is the way people think. It is precisely for this reason that our law allows such evidence only for very narrow purposes and in exceptional circumstances. We must not stray from this principle.

In the instant case, it will not be until the actual trial of the case that the judge will have the final basis for deciding whether to admit the 404(b) evidence in question. That evidence's admissibility is not a given, under this Court's opinion. And the trial court must be very careful to require the prosecution to establish that the 404(b) evidence is not only relevant and probative—but necessary—with respect to a factual matter that has been put at specific issue in the case. Otherwise, admitting the evidence will be erroneous.

Accordingly, I concur, and I am authorized to state that Justice Albright joins in this separate opinion.

---

1. The majority, I believe, is taking a step in the direction urged by former Justice Thomas Miller in his thoughtful dissent in *State v. Edward*

*Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990). *See also State v. Graham,* 208 W.Va. 463, 541 S.E.2d 341 (2000) (Starcher, J., dissenting.).