NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: June 21, 2023

S23A0507.  THE STATE v. BRINKLEY.

PETERSON, Presiding Justice.

Demarcus Brinkley is charged with the kidnapping, attempted rape, and murder of Mariam Khalid Abdulrab. After the police identified him as a suspect for those crimes, Brinkley fled, leading officers in a high speed car chase. During the chase, Brinkley apparently told his mother on the phone that he did not want to pull over because he did not want to go back to prison.[1] The trial court granted Brinkley's pretrial motion to exclude this statement under OCGA § 24-4-403 ("Rule 403"), and the State appealed. See OCGA § 5-7-1 (a) (5). Because the trial court misapplied the Rule 403 standard, we vacate its order and remand for further consideration under the correct standard.

---

[1] The precise statement is not clear from the record, but this does not affect our analysis here.

The trial court granted Brinkley's motion to suppress in a written order. Its full analysis was as follows:

> It is "universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." The Georgia Supreme Court has often held [that] "any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of a crime, is admissible against him upon his trial for committing it."
>
> However, in this indictment, the Defendant is not charged with Fleeing or Attempting to Elude and the prosecution failed to make a causal connection between this alleged statement and the present allegations against the defendant. Further, under Rule 403, the Court finds that absent a causal connection between the statement and the SPECIFIC allegations against the defendant, the probative value of the statement is outweighed by both the prejudicial effect and the risk of confusion of issues.
>
> Accordingly, the defense's motion is GRANTED.

(Emphasis in original, citations omitted.)

"A trial court's decision whether to admit or exclude evidence is reviewed on appeal for an abuse of discretion." *Martinez-Arias v. State*, 313 Ga. 276, 285 (3) (869 SE2d 501) (2022). A trial court abuses that discretion when it applies the wrong legal standard. See *State v. Harris*, __ Ga. __, __, 2023 Ga. LEXIS 103, at *11 (3), 2023 WL 3468109, at *4-5 (3) (May 16, 2023).

2

Rule 403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by" several dangers, including "unfair prejudice" and "confusion of the issues[.]" OCGA § 24-4-403. As illustrated above, the court's order did not measure admissibility by that standard — it said only that the "prejudicial effect" of the evidence and the risk of confusing the issues "outweighed" the probative value of the evidence. It did not determine that the probative value was "substantially" outweighed by those dangers, or limit its focus on prejudice to only the "unfair" prejudice, as the Rule requires. *Harris*, 2023 WL 3468109, at *5 (3) ("the proper standard requires the trial court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice") (cleaned up). The trial court thus misapplied the Rule 403 standard and therefore abused its discretion. See id. (vacating and remanding a trial court order excluding evidence under the same circumstances). Accordingly, we remand for the trial court to apply the correct standard in the first instance.

Given that disposition, we also point out one additional error

3

to ensure that it does not affect the trial court's determination on remand. The trial court's order asserted that the State had not shown a "causal connection between this alleged statement and the present allegations," and found it significant that "[Brinkley] is not charged with Fleeing or Attempting to Elude." It is not clear whether the trial court believed all this minimized the statement's probative value or increased its prejudicial effect. In any case, we have said that evidence of flight is generally relevant and supports an inference of consciousness of guilt of the underlying crime regardless of whether any flight-related crime is also charged. See *Harris v. State*, 313 Ga. 225, 231 (3) (869 SE2d 461) (2022); *Rowland v. State*, 306 Ga. 59, 65 (3) n.4 (829 SE2d 81) (2019) ("Evidence showing that a defendant attempted to evade arrest . . . may be admissible as evidence of flight[,] and *statements* about flight are generally admissible as circumstantial evidence of guilt." (emphasis added)).

*Judgment vacated and case remanded with direction. All the Justices concur.*