*No. 22-0013, State v. Walker*

**FILED**

**December 6, 2024**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, concurring:

I concur in the majority's opinion, which affirms the conviction of Mr. Walker. Particularly, the majority correctly finds that the circuit court properly admitted certain evidence relating to internet search history seized from Mr. Walker's computer, pursuant to Rule 404(b) of the West Virginia Rules of Evidence. This evidence included both the titles of videos visited on a pornography website, as well as search terms entered on that site. I write separately to briefly clarify the proper procedure courts must follow when considering whether to admit evidence under Rule 404(b). While the Rule applies in both criminal and civil cases, here I discuss the trial court's considerations when the State seeks to admit evidence of crimes, wrongs, or other acts (collectively "other acts") against a criminal defendant for reasons other than character.

Any issue regarding the admission of evidence begins by simply reading the applicable Rules of the West Virginia Rules of Evidence. Rule 404(b) precludes the admission of evidence "of a crime, wrong, or other act" to prove that a defendant acted in accordance with his or her character "on a particular occasion." W. Va. R. Evid. 404(b)(1). This type of evidence is commonly referred to as propensity evidence. *See, e.g.*, *State v. Kessler*, 248 W. Va. 289, 295, 888 S.E.2d 789, 795 (2023). Still, Rule 404(b) allows the admission of evidence of crimes, wrongs, or other acts for other reasons. *State v. McGinnis*,

1

193 W. Va. 147, 154, 455 S.E.2d 516, 523 (1994) (noting that Rule 404(b) "codifies the various means available for admitting the evidence for reasons other than character"). The other acts evidence "may be admissible for another purpose" including for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." W. Va. R. Evid. 404(b)(2).[1]

Like the case at issue here, first the State must provide notice of other acts evidence before trial and include in the notice "the general nature and the specific and precise purpose for which the evidence is being offered." W. Va. R. Evid. 404(b)(2)(A).[2] As reflected in the Rule, the State may not simply rename the "possible uses" of the evidence from the list in Rule 404(b)(2), but instead must state the particular purpose for which the evidence is offered. *See* Syl. pt. 1, in part, *McGinnis*, 193 W. Va. 147, 455 S.E.2d 516.[3]

---

[1] Rule 404(b) does not apply to evidence that is intrinsic to the crimes charged in the indictment. *See, e.g.*, *State v. Harris*, 230 W. Va. 717, 722, 742 S.E.2d 133, 138 (2013) (per curiam) (recognizing that "evidence which is 'intrinsic' to the indicted charge is not governed by Rule 404(b)" and collecting cases); *State v. LaRock*, 196 W. Va. 294, 312 n.29, 470 S.E.2d 613, 631 n.29 (1996).

[2] Nonetheless, a court may allow this evidence to be admitted at trial "if the court, for good cause, excuses lack of pretrial notice." W. Va. R. Evid. 404(b)(2)(B).

[3] Syllabus point 1 from *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516, (1994), provides in full:

> When offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration

2

After the State provides notice, the trial court must hold an in camera hearing to analyze the evidence and determine whether it is admissible under Rule 404(b). *See* Syl. pt. 2, in part, *id*. A court must ask and answer these questions to properly identify and consider Rule 404(b) evidence:[4]

> **1.     What is the purpose of the evidence**? The trial court must determine whether the other acts evidence serves a proper purpose under Rule 404(b). The evidence must be "probative of a material issue other than character" and may not reflect

---

> of the evidence to only that purpose. It is not sufficient for the prosecution or the trial court merely to cite or mention the litany of possible uses listed in Rule 404(b). The specific and precise purpose for which the evidence is offered must clearly be shown from the record and that purpose alone must be told to the jury in the trial court's instruction.

[4] The majority discussed a three-part test from *McGinnis*, apparently based on *McGinnis*'s Syllabus point 2, while *McGinnis* discusses a four-part analysis adopted from *Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 1502, 99 L. Ed. 2d 771 (1988). *Compare* Maj. op. at 10 *with McGinnis*, 193 W. Va. at 155, 455 S.E.2d at 524. I have summarized these steps and considerations into the list and following paragraph here, which closely tracks the test in *State v. LaRock* that appellate courts employ when *reviewing* the trial court's admission of Rule 404(b) evidence:

> It is presumed a defendant is protected from undue prejudice if the following requirements are met: (1) the prosecution offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made an on-the-record determination under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave a limiting instruction.

Syl. pt. 3, *LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996).

"only a propensity to commit a crime."[5] The State must identify the "specific and relevant purpose" of the evidence.[6]

**2.    Is the evidence relevant?** Relatedly, the trial court must determine whether the evidence is relevant under Rules 401 and 402 (as a preliminary question through Rule 104(a)).[7]

The court's relevance consideration is divided into two parts:

*Did the defendant actually commit the other acts?* The State must prove "by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts."[8]

*Are the other acts relevant to the charged crime or crimes?* Do the other acts have "any tendency to make a fact more or less

---

[5] *McGinnis*, 193 W. Va. at 155, 455 S.E.2d at 524.

[6] *McGinnis*, 193 W. Va. at 155, 455 S.E.2d at 524. The State must identify the "specific and relevant purpose that does not involve the prohibited inference from character to conduct." *Id.*; *see also* Syl. pt. 5, *State ex rel. Caton v. Sanders*, 215 W. Va. 755, 601 S.E.2d 75 (2004) (requiring, in part, that "the proponent of the 404(b) evidence . . . identify the fact or issue to which the evidence is relevant" and "plainly articulate how the 404(b) evidence is probative of that fact or issue").

[7] Syl. pt. 2, in part, *McGinnis*, 193 W. Va. 147, 455 S.E.2d 516. Rule 401 provides that

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

W. Va. R. Evid. 401. Rule 402 notes that relevant evidence is admissible unless the United States Constitution, the West Virginia Constitution, the West Virginia Rules of Evidence, or other rules adopted by this Court provide otherwise, and specifically provides that "[i]rrelevant evidence is not admissible." W. Va. R. Evid. 402.

[8] Syl. pt. 2, in part, *McGinnis*, 193 W. Va. 147, 455 S.E.2d 516.

4

probable than it would be without the [other acts] evidence"?[9] *And*, is that fact "of consequence in determining the action"?[10]

Relevance considerations also include (1) "whether the other crime, wrong, or act is *similar* enough . . . to the matter in issue" and (2) "whether the other crime, wrong or act is . . . *close enough in time* to the matter in issue."[11] Still, "Rule 404(b) does not *require* that the prior act be *similar* in nature to the crime charged."[12]

**3.     Does the evidence pass the Rule 403 balancing test**? The court, on the record, must perform the Rule 403 balancing test.[13] In the context of Rule 404(b) evidence, the court must

---

[9] *See* W. Va. R. Evid. 401(a).

[10] *See* W. Va. R. Evid. 401(b).

[11] *McGinnis*, 193 W. Va. at 156, 455 S.E.2d at 525 (emphasis added).

[12] *McGinnis*, 193 W. Va. at 156, 455 S.E.2d at 525. The Court has determined that, "in cases involving child sexual assault or sexual abuse victims," the State may introduce evidence of "collateral acts or crimes" that "show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment." Syl. pt. 2, in part, *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). This evidence, if it is not intrinsic to the crime, must still be examined pursuant to the 404(b) inquiry. *See* Syl. pt 3, *State v. Jonathan B.*, 230 W. Va. 229, 737 S.E.2d 257 (2012) ("Where an offer has been made of lustful disposition evidence pursuant to *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990), the reviewing court must evaluate the admissibility of that evidence as required by *Edward Charles L.* and *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994)".).

[13] *McGinnis*, 193 W. Va. at 156, 455 S.E.2d at 525 (requiring that the balancing test be on the record). West Virginia Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value *is substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

5

exclude the other acts evidence if the "probative value" of the evidence "is *substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[14]

If the court determines that the other acts evidence is offered for a proper purpose, is relevant, and passes the Rule 403 balancing test, at trial the court should provide the jury with proper limiting instructions. In fact, upon a defendant's request, the court must give a limiting instruction that "generally provides" that the jury must not consider the Rule 404(b) other acts evidence "as proof of the defendant's guilt on the present charge," but may consider the evidence "in deciding whether a given issue or element relevant to the present charge has been proven." *McGinnis*, 193 W. Va. at 156, 455 S.E.2d

_____

(Emphasis added). Certainly, "the trial court enjoys broad discretion" when applying Rule 403. Syl. pt. 10, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). Yet, because courts at times contort the Rule 403 balancing test, examining the actual text of the Rule avoids mishaps. *See, e.g.*, *State v. Brinkley*, 889 S.E.2d 787, 788 (Ga. 2023) (finding that the trial court "misapplied the Rule 403 standard and therefore abused its discretion"). Even the Court has, at times, confused the Rule 403 test. The Court in *State v. LaRock* correctly recited part of the Rule 403 balancing test in Syllabus point 3, *supra*. *See* Syl. pt. 3, in part, *LaRock*, 196 W. Va. 294, 470 S.E.2d 613. Yet, in reciting the standard of review for a trial court's admission of Rule 404(b) evidence, *LaRock* twists the test, noting that the Court "review[s] for an abuse of discretion the trial court's conclusion that the 'other acts' evidence is more probative than prejudicial under Rule 403." *See id.* at 310-11, 470 S.E.2d at 629-30. This analysis does not track the Rule 403 test.

[14] *See* W. Va. R. Evid. 403 (emphasis added). The *McGinnis* Court recognized that when examining the probative value of the other acts evidence, a court should substantially consider the State's identified purpose for the evidence: "If the prior evidence is offered to show intent, knowledge, or *modus operandi*, a showing of similarity is usually necessary to demonstrate its probative value. On the other hand, where motive is a fact of consequence, a showing of similarity is not necessarily required." 193 W. Va. at 156, 455 S.E.2d at 525.

6

at 525 (quoting *State v. Dolin*, 176 W. Va. 688, 696, 347 S.E.2d 208, 216 (1986), *overruled on other grounds by State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990)). The court should give the limiting instruction at the time the State offers the 404(b) evidence, and ideally, the trial court will repeat the instruction in its general instructions to the jury before the jury deliberates. Syl. pt 2, in part, *id*. In its instruction, the court must tell the jury the "specific and precise purpose" for which State is offering the evidence. Syl. pt. 1, in part, *id*.

Over the years, the Court has frequently reviewed trial courts' admission of Rule 404(b) evidence, particularly in criminal cases. And certainly, *McGinnis* is typically considered the standard-bearer for that line of cases. Still, the many opinions, resulting in assorted syllabus points and various applications of the Rules of Evidence, create difficulties for lower courts as they try to decipher what is required. And, relatedly, what this Court will consider on review.

Here, the trial court did not err in its admission of the 404(b) evidence, but a clearer roadmap would have assisted the court in its endeavor. While I agree with the majority's conclusion that the State's proffered evidence was properly admitted pursuant to Rule 404(b), I write separately to emphasize the need for an unambiguous procedure for lower courts to follow, based on our caselaw and the Rules, as they consider Rule 404(b) evidence. For these reasons, I respectfully concur.

7